

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530*

August 7, 2007

**FILED**

AUG 9 - 2007

CR07-142

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Vincent H. Cohen, Jr.
Danny Onorato
David H. Dickieson
Schertler & Onorato LLP
601 Pennsylvania Avenue, NW
North Building 9th Floor
Washington, DC 20004-1109

      Re:    United States v. Brenda Belton
               Pre-Indictment Plea Offer

Messrs. Cohen, Onorato, and Dickieson:

      This letter sets forth the full and complete plea offer to your client, Brenda Belton, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on August 7, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

      Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with two (2) counts of Theft from a Program Receiving Federal Funds, in violation of 18 U.S.C. § 666; one (1) count of Federal Tax Evasion, in violation of 26 U.S.C. § 7201; and one (1) count of D.C. Tax Evasion, in violation of 47 D.C. Code § 4101(a).

      Your client understands the following maximum penalties: **Pursuant to 18 U.S.C. § 666**, the charges of Theft from a Program Receiving Federal Funds carry a maximum sentence of ten (10)

Letter to Messrs. Cohen, Onorato, and Dickieson
August 7, 2007
Page 2

years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three (3) year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made; **Pursuant to 26 U.S.C. § 7201**, the charge of Federal Tax Evasion carries a maximum sentence of five (5) years of imprisonment, a fine of $100,000, a $100 special assessment, and a three (3) year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made; and **Pursuant to 47 D.C. Code 4101(a)**, the charges of D.C. Tax Evasion carries a maximum sentence of 10 years of imprisonment, a fine of $10,000 or three times the amount of tax evaded, whichever is greater, a $100 to $5,000 assessment, and a three (3) year term of supervised release.

In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

**Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual 2006</u> (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

    A.   **Offense Level under the Guidelines**
    Sentencing Guidelines Stipulations

    **Theft and Fraud Charges**

| | | | |
|---|---|---|---|
| Base Offense Level - | § 2B1.1(a)(2) | - | 6 |
| Specific Offense Characteristics | | | |
| Loss More than $200,000 | § 2B1.1(b)(1)(H) | - | 12 |
| Abuse of Position of Trust | § 3B1.3 | - | 2 |
| | | | 20[1] |

---

All of the federal charges including the tax charge, as calculated below, will be grouped together per U.S.S.G. § 3D1.2.

Letter to Messrs. Cohen, Onorato, and Dickieson
August 7, 2007
Page 3

**Acceptance of Responsibility: 3-point reduction**: Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable **Guidelines Offense Level is 17.**

**Specific Offense Characteristic Organizer/Leader:** The government believes that your client's conduct supports a two-point enhancement for her being an organizer/leader of a scheme to defraud under § 3B1.1(c). The government understands that you dispute this. At sentencing the government reserves the right to argue for this two-point enhancement to the Court. If the Court grants this enhancement, your client's offense level will be a 19.

B.   **Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), we do not believe that your client has any prior criminal convictions.

In accordance with the above, your client's **Criminal History Category is I.**

---

**Federal Tax Evasion**
Base Offense Level (Tax Loss Over $80K)- § 2T4.1           -     16
    Specific Offense Characteristic
        Failure to report source        § 2T1.1(b)(1)        -      _2_
                                                                                                                   18
The government will not seek consecutive time with respect to the following:
**D.C. Tax Evasion**
    Group 8                                                           6 to 24 months

Letter to Messrs. Cohen, Onorato, and Dickieson
August 7, 2007
Page 4

### C. Applicable Guideline Range

Based upon the calculations set forth above, your client's highest stipulated Sentencing Guidelines range at an offense level of 17 is 24 to 30 months (the "Stipulated Guidelines Range") and at a 19 is 30 to 37 months. In addition, the parties agree should the Court impose a fine, at Guidelines level 17, the applicable fine range is $5,000 to $50,000 and at 19 is $6,00 to $60,000.

The parties agree that under the Sentencing Guidelines that a downward departure from the Stipulated Guidelines Range set forth above is not warranted and an upward departure from 30 to 37 months is also not warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, U.S.C. § 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range

based upon the general sentencing factors listed in Title 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Restitution

The parties agree that your client will pay restitution in the amount of $383,910.25.

### Appeal Waiver

It is agreed (i) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

### Forfeiture

Your client agrees to identify all assets over which your client exercises or exercised control, directly or indirectly, since June 2003, or in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to forfeit to the United States all of your client's interests in any asset of a value of more than $1000 that, your client owned since June 2003, or in which your client maintained an interest, the ownership of which your client fails to disclose to the Government in accordance with this Plea Agreement.

Letter to Messrs. Cohen, Onorato, and Dickieson
August 7, 2007
Page 6

### Release/Detention

The Government agrees not to recommend that your client be detained without bond pending your client's sentencing in this case.

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

Case 1:07-cr-00142-RMU     Document 5     Filed 08/09/2007     Page 7 of 8

Letter to Messrs. Cohen, Onorato, and Dickieson
August 7, 2007
Page 7

**Waiver of Statute of Limitations**

It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

Jeffrey A Taylor /HS
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Timothy G. Lynch
Assistant United States Attorney

Letter to Messrs. Cohen, Onorato, and Dickieson
August 7, 2007
Page 8

## DEFENDANT'S ACCEPTANCE

I have read this eight-page Plea Agreement and have discussed it with my attorneys. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: *Aug. 7, 2007*        *Brenda Belton*
                            BRENDA BELTON
                            Defendant

## ATTORNEYS' ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 8/7/07        _____
                    Vincent H. Cohen, Jr., Esquire
                    Attorney for the Defendant

Date: 8/7/07        _____
                    Danny Onorato, Esquire
                    Attorney for the Defendant

Date: 8/7/07        _____
                    David H. Dickieson, Esquire
                    Attorney for the Defendant